IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HOWARD HAWKINS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| THE ESTATE OF JACK FRANZINO | § | |
| and STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | Jury Demanded |
| COMPANY | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.     Plaintiff Howard Hawkins is bringing this suit against the Estate of Jack Franzino and against State Farm Mutual Automobile Insurance Company

2.     Plaintiff was seriously injured when a vehicle owned and operated by Defendant Franzino collided with the vehicle being operated by Plaintiff, subjecting Plaintiff to tremendous force.

3.     Plaintiff had a policy with State Farm Automobile Insurance Company ("State Farm") at the time of the accident, which contained under-insured motorist coverage.

4.     Plaintiff now brings this action seeking compensation for the injuries he sustained and the damages he has incurred and will incur in the future.

### JURISDICTION AND VENUE

5.     This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

6.     Plaintiff is a resident of this District.

7. Defendant Franzino died as a result of the subject accident. He was a citizen of Pennsylvania at the time of the accident. Defendant Franzino's address was 41 Rabbit Run Lane, Glenmoore, Pennsylvania 19343.

8. The representative of Defendant Franzino's estate is his son, Jack Franzino Jr.

9. Pursuant to 28 U.S. Code § 1332(c), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

10. State Farm is an Illinois corporation doing business in Texas.

11. Complete diversity, therefore, exists in this case.

12. Venue is proper in the Eastern District of Texas. Plaintiff is a resident of Rusk County, Texas. Under the Texas Insurance Code § 1952.110, in "an action against an insurer in relation to [UM/UIM] coverage . . . including an action to enforce that coverage may be brought only in the county in which: (1) the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured motor vehicle; or (2) the accident occurred."

13. Since Plaintiff was a resident of Rusk County at the time of the accident made the basis of this suit, and there is a mandatory venue provision that any action against an insurer for under-insured motorist coverage must be field in the county of the insured's residence or the county where the accident occurred, then venue is appropriate in the Eastern District of Texas, as Rusk County is situated within this district.

## PARTIES

14. Plaintiff Howard Hawkins is a citizen of Texas and a resident of Overton, Rusk County, Texas.

15. The Estate of Jack Franzino is a citizen of Pennsylvania because Jack Franzino was a citizen of Pennsylvania at the time of his death. The Estate of Jack Franzino may be served with process through its representative, Jack Franzino Jr., at 14711 Thunder Bay, Beach City, Texas 77523.

16. State Farm is an Illinois corporation, and thus a citizen of Illinois, which does business in Texas. State Farm may be served through its registered agent Corporation Service Company, at 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

## FACTS

17. On August 6, 2016, Plaintiff was operating a tractor-trailer on behalf of his employer, Delek Refining.

18. Plaintiff was traveling north on State Highway 146 at the time of the accident, in Mont Belvieu, Texas.

19. Meanwhile, Defendant Franzino was traveling west on Eagle Dr.

20. Defendant Franzino failed to stop at a stop sign where Eagle Dr. intersects with State Hiway 146.

21. At approximately 3:00 a.m., Defendant Franzino's car struck the vehicle being operated by Plaintiff.

22. Defendant Franzino died at the scene.

23. Plaintiff was severely injured, both physically and psychologically, as a result of the accident.

## NEGLIGENCE OF FRANZINO

24. At and immediately before the occurrence in question, Franzino was guilty of acts and/or omissions which constitute negligence. These acts and/or omissions include, but are not limited to, the following:

   a. Failing to keep a proper lookout;

   b. Failing to avoid the incident in question;

   c. Driver inattention;

   d. Failing to maintain the vehicle;

   e. Failing to control speed;

   f. Failing to operate the vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

   g. Faulty evasive action;

   h. Failure to yield right of way; and

   i. Disregarding a stop sign signal.

25. Each of the above-mentioned acts or omissions constitutes negligence which were the proximate causes of the occurrence in question and the resulting damages sustain by Plaintiff.

## UNDER-INSURED MOTORIST

26. On August 6, 2016, the date of the incident, Plaintiff was a beneficiary covered by insurance issued by Defendant "State Farm Mutual Automobile Insurance Company," policy number 345 5794-C18-43G.

27. The at-fault driver in the accident, Franzino, was un under-insured driver.

28. Defendant State Farm was timely informed of the accident and that Plaintiff intended to claim under-insured motorist benefits.

29.     Plaintiff hereby seeks recovery for injuries under the subject under-insured motorist coverage.

30.     Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant State Farm has failed and refused, and still fails and refuses, to pay Plaintiff the benefits under the policy as it is contractually required to do.

### DAMAGES FOR PLAINTIFF HOWARD HAWKINS

31.     Plaintiff Howard Hawkins sustained serious bodily injuries as a direct and proximate result of the automobile collision.

32.     As a direct and proximate result of the negligence of Defendant Franzino as alleged herein, Plaintiff Howard Hawkins suffered the following damages:

    a. Necessary medical care, and reasonable expenses for same, in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

    e. Mental anguish in the past;

    f. Mental anguish which, in reasonable probability, will be suffered in the future;

    g. Physical impairment in the past;

    h.  Physical impairment which, in reasonable probability, will be suffered in the future;

    i.  Disfigurement in the past;

    j.  Disfigurement in the future;

    k.  Loss of earnings and loss of earning capacity in the past; and

    l.  Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## PRAYER

33.   FOR THE REASONS STATED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, has judgment against Defendants in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Shane McGuire*
**SHANE MCGUIRE**
State Bar No. 24055940
THE MCGUIRE FIRM, PC
102 N. College St., Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7173
shane@mcguirefirm.com

/s/*Keith Miller*
**KEITH MILLER**
State Bar No: 14093750
LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Phone: 903-597-4090
Fax: 903-597-3692
keith@5974090.net

**ATTORNEYS FOR PLAINTIFFS**